IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NERMINA PEKMEZOVIC, )
)
      Plaintiff, )
)
  -vs- ) Civil Action No. 15-200 ERIE
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Nermina Pekmezovic (Pekmezovic") appeals an ALJ's denial of her claim for supplemental security income ("SSI"). Pekmezovic alleges a disability beginning April 23, 2007.[1] (R. 126, 218-25) Pekmezovic contends that she is disabled due to a number of physical and mental impairments. (R. 23) Following a hearing and consultation with a vocational expert, the ALJ denied her claim, concluding that she retained the residual functional capacity ("RFC") to perform light work with some restrictions. (R. 27-32) Pekmezovic appealed. Pending are Cross Motions for Summary Judgment. *See ECF Docket Nos.* [10] and [12]. After careful consideration and for the reasons set forth below, this case is affirmed.

### Legal Analysis

    1. Standard of Review

---

[1] Pekmezovic previously filed an application for SSI on August 15, 2012, which was denied. (R. 21) Pekmezovic did not appeal this determination. (R. 21) Consequently, the relevant period at issue is between September 15, 2012 (the date after the denial) and May 19, 2014 (the date of the ALJ's decision). (R. 21)

1

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler*, 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

    2. <u>Duty to Develop the Record</u>

Pekmezovic urges that the ALJ failed in his duty to develop the administrative record based upon his decision not to order a consultative mental health examination.

2

Specifically, Pekmezovic treated at Safe Harbor Behavioral Health beginning in January of 2013. Although the Safe Harbor Behavioral Health records were forwarded to the ALJ, Pekmezovic's counsel informed the ALJ that Safe Harbor does not cooperate with completing medical source statements or completing questionnaires in social security cases. Accordingly, counsel requested that the ALJ order a consultative examination. (R. 85-86) The ALJ declined to do so. In rejecting Pekmezovic's claim, the ALJ noted that "no treating or examining medical professional has stated that claimant is disabled or provided a medical source statement inconsistent with the [ALJ's] residual functional capacity" findings. (R. 32) Pekmezovic contends that the ALJ's refusal to order a consultative examination under these circumstances requires a remand.

An ALJ has the duty to fully and fairly develop the record to make a determination of disability. *Ventura v. Shalala*, 55 F.3d 900, 902 (3d Cir. 1995). "Sometimes, this duty requires the ALJ to 'arrange for consultative examinations if the information needed is not readily available from the claimant's treatment sources.'" *Carter v. Colvin*, Civ. No. 14-1498, 2015 WL 1866208 at * 10 (W.D. Pa. April 23, 2015), *citing, Schwartz v. Halter*, 134 F. Supp.2d 640, 657-58 (E.D. Pa. 2001) (citing, 20 C.F.R. §§ 404.1512, 416.912). "[B]ut the ALJ's duty to develop the record does not require a consultative examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." *Thompson v. Halter*, 45 Fed. Appx. 146, 149 (3d Cir. 2002), *citing,* 20 C.F.R. §§ 404.1517, 416.917 and *Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977). A consultative examination might also be appropriate where a claimant's medical records do not contain needed additional evidence, or when the ALJ needs to resolve a conflict, inconsistency or ambiguity in the

3

record. *See* 20 C.F.R. §§ 404.1519(a), 416.919(a). Regardless, the decision to order a consultative examination is within the sound discretion of the ALJ. *Thompson*, 45 Fed. Appx. at 149.

As stated above, Pekmezovic argues that the ALJ's duty to fully develop the record dictated that a consultative examination be ordered because the medical providers at Safe Harbor Behavioral Health declined to provide medical sources statements or completed questionnaires. I disagree and find the decision rendered in *Carter v. Colvin*, Civ. No. 14-1498, 2015 WL 1866208 (W.D. Pa. April 23, 2015) to be persuasive in this regard. In *Carter*, the claimant argued that the "ALJ failed to sufficiently develop the record by ordering a consultative psychiatric examination, given the lack of any medical source opinion as to [the claimant's] resultant functional capabilities." *Carter*, 2015 WL 1866208 at * 10. The court rejected this position, noting that "'[t]here is no legal requirement that a physician have made the particular findings that an ALJ adopts in the course of determining an RFC. Surveying the medical evidence to craft an RFC is part of the ALJ's duties.'" *Id., quoting, Titterington v. Barnhart*, 174 Fed. Appx. 6, 11 (3d Cir. 2006). "As such, an 'ALJ is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision.'" *Id., quoting Chandler v. Comm'r. of Soc. Sec.*, 667 F.3d 356, 362 (3d Cir. 2011). Consequently, the court found that the ALJ's decision "to forego a consultative psychological examination was not rendered improper by the lack of medical opinion concerning" the claimant's relevant capabilities. *Id.* The record still contained sufficient evidence concerning the claimant's mental health impairments upon

which the ALJ could base his decision, including treatment records, emergency room records, and the claimant's own testimony. *Id.* at * 11.

As did the court in *Carter*, after a thorough review, I find that the ALJ's decision not to order a consultative psychological examination was not an abuse of discretion. The ALJ did not fail in his duty to "develop the record" with respect to Pekmezovic's mental impairment because the record contains substantial evidence upon which the ALJ based his decision. For instance, Pekmezovic consistently presented to Dr. Sipple, of Erie Psychiatric Associates, with a "normal" mental exam. (R. 410. 411, 412, 413, 414) Similarly, treatment notes from Safe Harbor indicate that Pekmezovic was consistently alert, cooperative, was oriented x 3, was clear and coherent in her speech, had good eye contact, had appropriate hygiene and grooming, demonstrated good judgment and impulse control, and did not indicate any suicidal ideation or plan. (R. 431, 535, 538, 541, 544, 547, 553, 556) Further, state agency psychologist Lisa Cannon opined, after reviewing the record, that Pekmezovic had only mild restriction with respect to her activities of daily living, and moderate difficulties in maintaining social functioning, maintaining concentration, persistence and pace. (R. 117) Additionally, Cannon noted that Pekmezovic could meet the basic mental demands of work despite having certain limitations. (R. 118, 122) Furthermore, state agency consultative psychologist Arlene Rattan reached a similar conclusion, finding that Pekmezovic retained the ability to perform routine, simple and repetitive work in a stable environment. (R. 133-35) This evidence provides more than a sufficient basis upon which the ALJ could rest his decision regarding Pekmezovic's RFC. As such, his refusal to order a consultative examination was not an abuse of discretion.

### 3. Substantial Evidence of Record Supports the ALJ's Decision

Pekmezovic goes on to attack the ALJ's decision in other respects, none of which I find to be persuasive. For instance, she challenges the ALJ's reliance upon the opinions of the non-examining state-agency physicians. The ALJ stated:

> [g]reat weight is given to the opinions of Dr. Lisa Cannon and Dr. Arlene Rattan, both state agency psychologists, who concluded the claimant had no more than moderate limitations in any work-related function. (Exhibits B3A and B5A). These opinions are generally consistent with each other, as well as mental status examinations discussed above, which were not remarkable for any disabling or significant mental imitations (Exhibits B5F, B12F and B13F). Furthermore, these opinions are consistent with the claimant's psychiatric treatment history, which does not include inpatient care or any referrals to such treatment.

(R. 31) Pekmezovic complains that the ALJ's reliance upon the opinions rendered by Cannon and Rattan was misplaced because they offered their opinions prior to receipt and review of the Safe Harbor Behavioral Health treatment records. *See ECF Docket No.* [11], p. 9. Yet case law supports the proposition that and ALJ is entitled to rely upon the findings of an agency evaluator even if there is a lapse of time between the report and the hearing. *See Chandler v. Comm'r. of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2012) It is only "where 'additional medical evidence is received that in the opinion of the [ALJ] … may change the State agency medical … consultant's finding' … is an update to the report required." *Chandler*, 667 F.3d at 361, *quoting* SSR 96-6p. Pekmezovic has not demonstrated that anything in the Safe Harbor medical records, or any other "additional medical evidence," is at odds with Cannon's and Rattan's findings. Further, the ALJ himself assessed the consistency of those opinions with the treatment notes from Safe Harbor and found there to be no inconsistencies. (R. 31)

6

Pekmezovic also challenges the ALJ's conclusions regarding her mental health impairments. She urges that the ALJ's review of the mental health records is both "selective" and "distorted." I find that the ALJ's review was neither "selective" nor "distorted." The record indicates that the ALJ noted Pekmezovic's diagnosis of depression, anxiety and post-traumatic stress disorder. (R. 29) He further acknowledged that Pekmezovic complained of flashbacks. (R. 29) The ALJ also observed the range of Pekmezovic's GAF scores between 45-50. (R. 31) Yet, as stated above, the ALJ found that the limitations were not as severe as Pekmezovic alleged and the evidence supports As set forth above, the ALJ's findings regarding Pekmezovic's mental impairments are supported by substantial evidence of record.

Finally, Pekmezovic takes issue with the ALJ's credibility findings. It is well-established that the ALJ has the responsibility of determining a claimant's credibility. *See Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974). The ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight." *S.S.R. 96-7p.* Ordinarily, an ALJ's credibility determinations are entitled to great deference, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981), *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931, 95 S. Ct. 1133, 43 L.Ed.2d 403 (1975). Having reviewed the record, I am satisfied that the ALJ properly discharged his duty to assess Pekmezovic's credibility. His decision contains specific reasons regarding his findings and those reasons are supported by substantial evidence of

record. For instance, he observed that Pekmezovic's claims of flashbacks and mental symptoms were at odds with "generally unremarkable mental status examinations." (R. 29, *citing,* Exhibits B5F and B7F). He also noted that her claims of frequent panic attacks were not borne out by the treatment notes. (R. 29, "[t]reatment notes do not contain references to frequent or debilitating panic attacks. (Exhibits B7F, B12F and B13F)"). Further, the ALJ explained that, although Pekmezovic claimed that "her daughter helped her with personal grooming," her medical records consistently noted that her hygiene and grooming was good. (R. 30, citing Exhibits B8E, B7F, B12F, and B13F). Additionally, while Pekmezovic contended that "her medications caused blurred vision, dizziness, drowsiness, and an upset stomach," she had not listed any side effects in a February 2013 disability appeals report, nor do the medical records indicate that her medication regimen had been frequently altered because of debilitating side effects. (R. 30) Further, as the ALJ noted, a "neurologist examination in November of 2013 did not show clinical findings of problems with balance or other neurological deficits. (Exhibit B11F)." (R. 30) I similarly find that the ALJ's findings as to Pekmezovic's daughter's credibility are supported by substantial evidence of record. The daughter claimed that Pekmezovic had disabling mental impairments but the ALJ found such testimony was not consistent with the treating psychiatrist records, which "do not contain mental status examinations that indicate disabling symptoms. (Exhibits B5F, B7F, B12F and B13F)."). (R. 32) The ALJ also referenced that lack of inpatient care and emergency room visits, lack of diagnostic testing, absence of surgery, and generally unremarkable physical examinations during the relevant period. (R. 32) A reviewing court should "ordinarily defer to an ALJ's credibility determination because he

or she has the opportunity at a hearing to assess the witness's demeanor." *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003). There is no basis before me upon which to challenge the ALJ's credibility determinations.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NERMINA PEKMEZOVIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No. 15-200 ERIE |
| ) | |
| CAROLYN W. COLVIN, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 6th day of December, 2016, it is hereby ORDERED that the decision of the ALJ is affirmed and that Plaintiff's Motion for Summary Judgment (Docket No. 10) is denied and Defendant's Motion for Summary Judgment (Docket No. 12) is granted.

                                                BY THE COURT:

                                                /s/ Donetta W. Ambrose
                                                Donetta W. Ambrose
                                                United States Senior District Judge